# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Sterling Arrington, *on behalf of* Rhondalease Arrington, | ) ) ) |
| Plaintiff, | ) Civil Action No.: 0:17-cv-02612-JMC ) ) |
| v. | ) **ORDER** ) ) |
| Commissioner of Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on November 13, 2018. (ECF No. 20.) The Report addresses Plaintiff Sterling Arrington's ("Plaintiff") claim for disability insurance benefits ("DIB") on behalf of his late mother, Rhondalease Arrington. (*Id.* at 1.) The Report recommends reversing the decision of the Commissioner of Social Security Administration ("the Commissioner") and remanding the matter for further administrative proceedings. (*Id.*) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 20.) As brief background, the Administrative Law Judge ("ALJ") determined that Plaintiff's mother was not disabled for purposes of the Social Security Act ("the Act") on February 22, 2013, and denied his mother's claim for DIB. (ECF No. 9-3 at 13.) Plaintiff's mother requested the Appeals Council ("the Council") to review the ALJ's decision

and was denied that request on April 9, 2014. (ECF No. 9-2 at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff's mother sought judicial review from this court on June 13, 2014. (ECF No. 10-2 at 14.) Upon the Commissioner's Motion for Entry of Judgment with Order of Remand (*Id.* at 10), the court reversed the Commissioner's decision and remanded the case for further administrative proceedings. (*Id.* at 8-9.) Upon remand, the Council vacated the Commissioner's final decision and remanded the case for further proceedings. (*Id.* at 4-5.)

On June 9, 2017, the ALJ issued a second decision regarding the claim for DIB. (ECF No. 10-1 at 16.) The ALJ concluded that Plaintiff's mother was not disabled prior to January 31, 2015, however, she became disabled on that date and remained disabled through the date of her death. (*Id.*) On September 27, 2017, Plaintiff filed the instant Complaint (ECF No. 1) against the Commissioner. (*Id.*)

On November 13, 2018, the Magistrate Judge filed her Report. (ECF No. 20.) In the Report, the Magistrate Judge reasoned that "the ALJ's findings that [the impairments of Plaintiff's mother] were not severe" is not supported by substantial evidence. (*Id.* at 9.) Specifically, the Report noted that the ALJ "did not address records suggesting greater limitations" of Plaintiff's mother. (*Id.* at 8.) Additionally, the Report found that the ALJ did not engage in adequate credibility determinations, and "the court is . . . unable to determine whether the residual functional capacity assessment is supported and accounts for all of Ms. Arrington's credible limitations during the period at issue." (*Id.* at 8-9.) On this basis, the Report recommended that the court reverse the

decision of the Commissioner and remand the case for further administrative proceedings. (*Id.* at 10.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties were apprised of their opportunity to file specific objections to the Report on November 13, 2018. (ECF No. 20 at 11.) Objections to the Report were due by November 27, 2018. (*Id.*) On November 16, 2018, the Commissioner notified the court that she would not object to the Magistrate Judge's Report. (ECF No. 21 at 1.) The Commissioner also informed the court

that her failure to object "should not be construed as a concession . . . that her administrative decision denying benefits to Plaintiff was not substantially justified." (*Id.*) Plaintiff has not filed any objection to the Report. Since no specific objections were filed by either party and the Report does not contain clear error, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 4, 2019
Columbia, South Carolina